IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GARY H. MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-cv-200 |
| | § | |
| MF AVIATION LLC; MICHAEL G. | § | |
| FETERIK; and SUN COUNTRY MARINE | § | |
| TRANSPORTATION, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## Original Complaint

Plaintiff Gary H. Martin files this original complaint for breach of contract and fraudulent inducement, subject to this Court's diversity jurisdiction under 28 U.S.C. § 1332, against Defendants MF Aviation LLC, Michael G. Feterik, and Sun Country Marine Transportation, LLC (together, "Defendants"). Martin alleges as follows:

I.
Parties

1.      Plaintiff Gary H. Martin is an individual residing in Marble Falls, Texas.

2.      Defendant MF Aviation LLC is a California limited liability company with a principal place of business at 16972 Marina Bay Drive, Huntington Beach, California 92649. MF Aviation can be served with process by serving its registered agent, Stephen A. Scheck, at 1900 Main Street, Suite 700, Irvine, California 92614.

3.      Defendant Michael G. Feterik is an individual residing, on information and belief, at 16972 Marina Bay Drive, Huntington Beach, California 92649, and may be served personally where he may be found, pursuant to the Federal Rules of Civil Procedure.

4.      Defendant Sun Country Marine Transportation, LLC ("Sun Country"), is a California limited liability company with a principal place of business at 5051 Jurupa Street, Ontario, California 91761. Sun Country can be served with process by serving its registered agent, Michael Basso, at 5051 Jurupa Street, Ontario, California 91761.

II.
Jurisdiction

5.      This action is within the jurisdiction of this Court under 28 U.S.C. §§ 1332 and 1391.

6.      Martin is domiciled in Marble Falls, Texas, and is thus a citizen of Texas.

7.      Defendants are all citizens of California. MF Aviation and Sun Country, former joint owners of the aircraft at issue, are both limited liability companies formed under the laws of California and with principal places of business in California. On information and belief, MF Aviation is in the business of aviation services, and Sun Country is a single-asset holding company.

8.      On information and belief, Feterik is the CEO and sole manager/member of MF Aviation. On information and belief, Feterik is domiciled in California and is thus a citizen of California. On information and belief, Michael Basso is the CEO and sole manager/member of Sun Country. On information and belief, Basso is domiciled in California at 7 Shell Beach, Newport Beach, California 92657, and is thus a citizen of California.

9.      Martin is not a citizen of the same state as any of Defendants. Complete diversity exists. Further, the subject matter of this action exceeds $75,000, exclusive of interest and costs. As a result, this Court has diversity jurisdiction over this action.

10.     This Court has personal jurisdiction over each of Defendants because they have committed acts within the Western District of Texas (the "District") giving rise to this action and/or have established minimum contacts with the District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

11.     On November 23, 2020, MF Aviation and Sun Country, as the sellers, entered into an Aircraft Purchase Agreement (the "Agreement"), with Martin, as the buyer, for the sale of a 1987 Dassault-Brequet Falcon 900 aircraft with a 900-16 serial number (the "Aircraft"). The Agreement required delivery of the Aircraft in Burnet County, Texas, which includes Marble Falls, Texas, where Martin is domiciled. Burnet County is also the location from which Martin negotiated and entered into the Agreement and where the Aircraft now sits. Burnet County is within this District.

III.
Venue

12.     Venue is proper against Defendants in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and/or a substantial part of the property that is the subject of this action is situated in this District.

13.     Martin negotiated and entered into the Agreement from this District, Defendants delivered the Aircraft to this District, and the Aircraft is currently located in this District. Venue is therefore proper in this District.

IV.
Factual Allegations

14.     In November 2020, Martin and Defendants began preliminary discussions and negotiations by phone, while Martin was in Texas, about the sale to Martin of the Aircraft, then jointly owned by MF Aviation and Sun Country (together, "Sellers"). The Aircraft is a 1987 Dassault-Brequet Falcon 900, with serial number 900-16 and bearing Federal Aviation Administration ("FAA") registration number N900SF.

15.     On November 20, 2020, Martin flew to meet Feterik, the CEO and manager of MF Aviation, at the Ontario International Airport in Ontario, California, to discuss his potential

purchase of the Aircraft. Martin and Feterik sat inside the parked Aircraft and discussed the potential transaction. During that conversation, Martin asked Feterik to disclose all known airworthiness-related concerns regarding the Aircraft, consistent with Title 14 of the Code of Federal Regulations (hereinafter the "Federal Aviation Regulations"). In response, Feterik disclosed to Martin several airworthiness-related concerns, none of which involved the interior of the Aircraft. To the contrary, Feterik mentioned that the Aircraft's interior had been recently redone by a well-known and FAA-certified repair station. That same day, Martin wired Sellers $50,000 from his Texas bank account as a deposit toward the Aircraft.

16.     On November 23, 2020, Martin and Sellers entered into a written "Aircraft Purchase Agreement" for the sale of the Aircraft. Pursuant to that Agreement, for the stated price, Sellers agreed to deliver the Aircraft to Martin in Burnet County, Texas, and to provide Martin with "all logbooks, manuals, maintenance records and other documentation respecting the AIRCRAFT in a continuous condition from the date of manufacture and with no damage history or missing logs."

17.     The Agreement further contains a choice of law provision establishing that "[t]he validity, construction and enforcement of this AGREEMENT shall be governed by the laws of the State of Texas." Thus, Texas law applies to this action. Martin signed the Agreement from Texas and sent the executed version of the Agreement to Sellers also from Texas.

18.     Sellers delivered the Aircraft and certain logbooks, manuals, maintenance records, and other documentation, some of which are required to be kept pursuant to Federal Aviation Regulations, to Martin in Burnet County, Texas, on November 25, 2020. Shortly thereafter, Martin wired a nonrefundable payment of $500,000 to the Sellers and the rest of the sales price to the designated escrow company agent, per the Agreement. Martin now holds the Aircraft in a Texas limited liability company, Lone Star Avalanche, LLC, which he controls and co-manages.

19.     After purchasing the Aircraft, Martin chose to resell it and listed the Aircraft for sale. Martin did not make any changes or alterations to the interior of the Aircraft.

20.     In January 2021, Martin began negotiations with a potential buyer to purchase the Aircraft. To facilitate the transaction and as evidence of the seriousness of his interest, the potential buyer paid Martin on January 16, 2021, the amount it would cost to fly the Aircraft to where the potential buyer was located in Florida for a pre-purchase inspection.

21.     After inspecting the Aircraft, however, the potential buyer declined to purchase the Aircraft and refused the deal. The potential buyer explained to Martin that he learned that required maintenance records related to the Aircraft's interior, which had recently been installed, were not documented, as required by the Federal Aviation Regulations, including but not limited to 14 C.F.R. Part 43 and Part 91.

22.     Martin contacted the FAA-certified repair station that Feterik told Martin during their November 20, 2020 meeting had performed the maintenance. A representative of that company informed Martin that it had not performed any maintenance to the interior of the Aircraft.

23.     On information and belief, Feterik knew that the maintenance performed to install the Aircraft's interior was not performed by the FAA-certified repair station that he identified to Martin. To the contrary, Feterik knew that the maintenance performed to install the Aircraft's interior violated the Federal Aviation Regulations because the maintenance was not properly authorized or recorded pursuant to 14 C.F.R. Part 43 and Part 91, among other requirements.

24.     On information and belief, in November 2020, before Martin purchased the Aircraft, a potential buyer of the Aircraft with whom Feterik negotiated informed Feterik of the Aircraft's non-compliance with the Federal Aviation Regulations because of the unauthorized, improper, and inadequate maintenance and recordkeeping related to installation of the Aircraft's interior. As a

result, the potential buyer at that time declined to purchase the Aircraft for those specific reasons. Feterik intentionally failed to disclose this relevant and material information to Martin. He intentionally withheld this information to induce Martin into purchasing the Aircraft, which he did.

25.     Sellers further failed to provide "all logbooks, manuals, maintenance records and other documentation respecting to the AIRCRAFT," as required by the Agreement, because Sellers did not provide any maintenance records, as required to be kept by the Federal Aviation Regulations, concerning the non-compliant maintenance performed on the Aircraft's interior.

26.     As a result of Sellers' breaches and Defendants' fraudulent inducement, Martin has incurred monetary damages in excess of this Court's jurisdiction.

V.
Causes of Action

Count 1 – Breach of Contract Against MF Aviation and Sun Country

27.     Martin repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

28.     On November 23, 2020, Martin and Sellers entered into a valid and enforceable contract for the sale of the Aircraft supported by valuable consideration.

29.     Sellers have failed to perform their obligations under and breached the Agreement by failing to provide Martin with all logbooks, manuals, maintenance records, and other documentation respecting the Aircraft, as required to be kept pursuant to the Federal Aviation Regulations in a continuous condition from the date of manufacture and with no damage history or missing logs, as required by the Agreement. Specifically, Sellers failed to provide Martin with required records related to the non-compliant maintenance performed on the Aircraft interior.

30.     Martin has fully performed his obligations under the Agreement, and all conditions precedent to this suit have been met.

31.     As a result of Sellers' material breaches of the Agreement, Martin has incurred substantial monetary damages exceeding $75,000, exclusive of interest and costs.

Count 2 – Fraudulent Inducement Against Defendants

32.     Martin repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

33.     On November 20, 2020, while sitting inside the Aircraft at the Ontario International Airport in Ontario, California, and in response to a question by Martin concerning any known or potential airworthiness-related concerns regarding the Aircraft, Feterik, while operating on the Sellers' behalf, intentionally omitted information about inadequate and unauthorized maintenance performed on the Aircraft's interior, and the resulting non-compliance with the Federal Aviation Regulations. These omissions were material insofar as the non-disclosed information significantly reduced the value of the Aircraft and induced Martin to sign the Agreement.

34.     During the same conversation on November 20, 2020, while sitting inside the Aircraft at the Ontario International Airport in Ontario, California, Feterik misrepresented to Martin that the entity which had performed the recent maintenance on the Aircraft's interior was an established FAA-certified repair station.

35.     Feterik's response to Martin's inquiry about airworthiness-related concerns regarding the Aircraft, which omitted information about the existence or non-existence of any records regarding maintenance to the interior or otherwise concerning maintenance performed on the interior, and his representation of which entity performed such maintenance, were false because Feterik knew about these airworthiness-related issues and intentionally did not disclose them to Martin and intentionally misrepresented the company that performed this maintenance.

36.     In truth, on information and belief, the FAA-certified repair station that Feterik stated performed the interior maintenance work did not perform that work and, instead, maintenance

was performed on the Aircraft's interior by a different party, without proper FAA authorization or required recordkeeping, and in violation of the Federal Aviation Regulations, which significantly reduced the value of the Aircraft and impacted the airworthiness of the Aircraft.

37.     Feterik knew that this was the case at least as of November 2020, when a potential buyer, before Martin purchased the Aircraft, raised the airworthiness issues with Feterik concerning missing maintenance records related to installation of the Aircraft's interior. At the time of Sellers' transaction with Martin, Feterik was aware that the failure to state or otherwise disclose the true facts as to these events was so misleading as to constitute a material omission. Indeed, on information and belief, it had been material to the earlier November 2020 potential transaction and was the reason that the transaction did not take place.

38.     Furthermore, Feterik intended that Martin would rely on his misrepresentations and omissions, which he did, as evidenced by Martin's payment of $50,000 the very day of Feterik's misrepresentations and omissions and the Agreement's execution just three days later. Feterik's conduct was such as to rise to the level of fraud.

39.     Martin had no knowledge of the falsity of Feterik's representations and the information that he omitted. He learned about it months later from third parties. Martin justifiably relied on Feterik's misrepresentations and omissions in entering into the Agreement.

40.     Martin has been injured as a direct and proximate result of the foregoing fraudulent inducement. Specifically, he has suffered actual damages in an amount not less than $75,000, exclusive of interest and costs.

41.     Moreover, as a result of Feterik's fraudulent misrepresentations and fraud by non-disclosure, Martin is entitled to and now seeks to recover exemplary damages as provided by law.

42.     Under Section 37.001 of the Texas Civil Practice and Remedies Code, Martin is entitled to recover his reasonable and necessary attorneys' fees and costs associated with prosecuting this action.

VI.
Prayer

Martin prays for judgment against Defendants as follows:

43.     actual damages in an amount not less than $75,000;

44.     exemplary damages in an amount not less than the maximum amount permitted by the applicable law based on the allegations of actual damages above;

45.     reasonable and necessary attorneys' fees in an amount not less than the total attorneys' fees associated with prosecuting this action;

46.     costs of suit;

47.     prejudgment interest at the maximum rate of interest permitted by law;

48.     postjudgment interest at the legal rate; and

49.     such other relief to which Martin may be entitled.

Dated: March 3, 2021                  Respectfully submitted,

By:   */s/ J. Hoke Peacock III*
       J. Hoke ("Trey") Peacock III
       Texas Bar No. 15679380
       tpeacock@susmangodfrey.com
       Shawn L. Raymond
       Texas Bar No. 24009236
       sraymond@susmangodfrey.com
       Krisina J. Zuñiga
       Texas Bar No. 24098664
       kzuniga@susmangodfrey.com
       SUSMAN GODFREY L.L.P.
       1000 Louisiana Street, Suite 5100
       Houston, TX 77002-5096
       Telephone: (713) 651-9366
       Facsimile: (713) 654-6666

       Bernard Given
       California Bar No. 134718
       bgiven@loeb.com
       LOEB & LOEB L.L.P.
       10100 Santa Monica Boulevard, Suite 2200
       Los Angeles, CA 90067
       Telephone: (310) 282-2000
       Facsimile: (310) 734-1686

       Gregory S. Winton (*pro hac vice pending*)
       U.S. District Court for the District of
       Maryland Bar No. 16903
       greg@aviationlawexperts.com
       THE AVIATION LAW FIRM
       1997 Annapolis Exchange Parkway, Suite 300
       Annapolis, MD 21401
       Telephone: (877) 424-7529
       Facsimile: (301) 294-2525

       Attorneys for Plaintiff Gary H. Martin